# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICK LOGAN, LJ-7274,<br>      Petitioner,<br><br>      vs.<br><br>ALLEGHENY COUNTY DISTRICT<br>ATTORNEY, *et al.*,<br>      Respondents. | 2:17-cv-910<br><br>Magistrate Judge Robert C. Mitchell/<br>District Judge Joy Flowers Conti |

## OPINION

Petitioner Nick Logan ("petitioner") filed a petition for a writ of habeas corpus (ECF No. 1), challenging a parole detainer lodged against him following the entry of guilty pleas to charges at Nos. CC-02-CR-264-1992 and CC-02-CR-266-1992 in the Court of Common Pleas of Allegheny County, Pennsylvania, and the subsequent imposition of a 4 ½- to 21-year sentence (collectively, the "1992 convictions"). Petitioner filed two additional motions seeking appointed counsel (ECF No. 18) and discovery (ECF No. 20). The respondents filed a motion to dismiss the petition (ECF No. 16).

On December 12, 2017, a Report and Report and Recommendation ("R&R") (ECF No. 21) was filed by the United States Magistrate Judge recommending that this court grant the motion to dismiss, and deny the other motions as moot. The petitioner filed objections to the R&R (ECF No. 22). On February 20, 2018, by Memorandum Opinion, this court adopted the R&R (ECF No. 23), and issued an order granting respondents' motion, and dismissing as moot petitioner's remaining motions (ECF No. 25). That same day, this court entered final judgment in this matter pursuant to Rule 58 of the Rules of Federal Procedure.

In adopting the R&R, this court agreed with the determination of the Magistrate Judge that, although petitioner is presently incarcerated, he is not "in custody" on a sentence related to the

1992 convictions and is, therefore, ineligible for *habeas corpus* relief with respect to those cases. See 28 U.S.C.A. § 2254 (a).

Via the order dated February 20, 2018, Petitioner was notified of his appellate rights pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Neither the Order nor the R&R addressed the appealability of this matter. Section 2253(c)(1)(A) of the United States Code provides that an appeal may not be taken from a final order in a *habeas* proceeding in which the detention complained of arises out of process issued by a state court unless a certificate of appealability has been issued. A certificate of appealability should be issued **only** when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because petitioner has not made such a showing, a certificate of appealability is denied. An appropriate order follows.

/s JOY FLOWERS CONTI
Joy Flowers Conti
March 19, 2018                                             Chief United States District Judge